```
SOUTHERN CALIFORNIA ATTORNEYS, APC
MAC E. NEHORAY, ESQ. SBN# 147168
24007 VENTURA BOULEVARD
SUITE 110
CALABASAS, CALIFORNIA 91302
TELEPHONE: (818)222-2227

ATTORNEY FOR PLAINTIFF
```

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MOHAMMAD HAMEED KHAN,   )<br>)<br>)<br>)<br>Plaintiff(s)   )<br>)<br>VS.   )<br>)<br>)<br>REHANA JABEEN, AND   )<br>DOES 1 TO 10, INCLUSIVE.   )<br>)<br>)<br>Defendants.   )<br>_____ ) | CASE NO.:<br><br>COMPLAINT FOR DEFAMATION<br>[Libel and Slander]<br><br>Jury Trial Requested<br>[FRCP Rule 38] |

## COMPLAINT

COMES NOW Plaintiff, MOHAMMAD HAMEED KHAN (hereinafter "Plaintiff"), and on information and belief complains and alleges as follows:

## NATURE OF ACTION

1. This is a civil action for Defamation against Defendants.

2. Plaintiff is an individual who was in a relationship with the Defendant, Rehana Jabeen (hereinafter "Jabeen"). The relationship was ended and Jabeen was not happy with how it was ended and Jabeen started defaming Plaintiff in the community where Plaintiff lives.

3. Plaintiff resides in City of Upland, County of San Bernardino in state of California.

4. Defendant, Jabeen, is an individual and resides in the City of Amherst, County of Erie in state of New York.

## VENUE AND JURISDICTION

5. This Court has jurisdiction of Defendant based on complete Diversity of parties as Plaintiff is located in the State of California and Defendant is located in State of New York.

6. This Court is the proper court because the injury and/or wrongful acts that are the subject of this action occurred in its jurisdictional area.

7. Plaintiff's damages far exceed $75,000.

## THE PARTIES

8. At all times relevant hereto, Plaintiff was a competent adult over the age of eighteen years. At all times relevant hereto, Plaintiff was a resident of the State of California, County of San Bernardino.

9. Plaintiff is informed and believes and thereon alleges that Defendant Rehana Jabeen is a competent adult over the age of eighteen years resident of the State of New York, County of Erie.

10. The true names and capacities of Defendants DOES 1 through 10, and each of them, whether individual, corporate, associate or otherwise, are unknown to Plaintiff at this time, therefore Plaintiff sues said Defendants by such fictitious names. Plaintiff will file DOE amendments, and/or ask leave of court to amend this complaint to assert the true names and capacities of these Defendants when they have been ascertained. Plaintiff is informed and believes, and upon such information and belief alleges, that each Defendant herein

designated as a DOE was and is in some manner, negligently, wrongfully, or otherwise, responsible and liable to Plaintiff for the injuries and damages hereinafter alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

11. Plaintiff is informed and believes, and thereon alleges, that at all times material herein the Defendants, and each of them, were the agents, servants, or employees, or ostensible agents, servants, and employees of each other Defendant, and as such, were acting within the course and scope of said agency and employment or ostensible agency and employment, except on those occasions when Defendants were acting as principals, in which case, said Defendants; and each of them, were negligent in the selection, hiring, and use of the other Defendants.

12. At all times mentioned herein, each of the Defendants was the co-tortfeasor of each of the other Defendants in doing the things hereinafter alleged.

13. Plaintiff is further informed and believes that at all times relevant hereto, Defendants, and each of them, acted in concert and in furtherance of the interests of each other Defendant. The conduct of each Defendant combined and cooperated with the conduct of each of the remaining Defendants so as to cause the herein described incidents and the resulting injuries and damages to Plaintiff.

**GENERAL ALLEGATIONS**

14. Plaintiff and Jabeen had been involved in a mutually consensual intimate relationship since 2007. Plaintiff supported Jabeen and her two minor children since 2007, paying their rent and living expenses.

15. Subsequently, Plaintiff, purchased real properties in Jabeen's name to hold for him. While Plaintiff did agree to allow Jabeen to share in the profit of the properties on resale, he never agreed to allow her to sell both properties without his knowledge and permission, which is exactly what she did in 2019.

16. Later on, Jabeen divorced her husband, and, during the end of 2014 and early 2015, she began demanding that Plaintiff leave his wife and minor children and move in with her permanently. When Plaintiff refused, Jabeen filed for a restraining order against him on April 16, 2015.

17. Jabeen's filing of the restraining order amounted to nothing more than a false accusation, which she attempted to use to extort Plaintiff to pay her huge sums of money plus allow her to retain the two prope11ies he had purchased in her name.

18. Jabeen's then informed Plaintiff that he give her certain amount of money, she would dismiss the Restraining Order.

14. When Plaintiff refused to give in to Jabeen's extortion, Jabeen, she realized that her extortion efforts were not going to work and she dismissed the Restraining Order Request.

19. During 2018, Jabeen once again started demanding that Plaintiff leave his wife and children and marry her. When Plaintiff refused again, Jabeen filed a report with the Upland Police on June 26, 2018 that Plaintiff sexually assaulted her on June 23, 2018.

20. After the false June 26, 2018 report, Jabeen ignored the follow up calls made by the Upland Police to her to obtain details of the matter, she ignored the opportunity to take a SART examination, and never pursued her false claim.

21. After Plaintiff filed a lawsuit against Jabeen in 2020 for

1  Fraud and other allegations, for selling Plaintiff's properties and
2  leaving the State with the money, She again revived the false claim
3  of sexual assault with Upland Sheriff in August of 2020.

4    22. Subsequently, Jabeen has been spreading lies about Plaintiff
5  in the business community and Muslim community and to common friends.

## FIRST CAUSE OF ACTION
## AGAINST ALL DEFENDANTS
## FOR DEFAMATION
## [LIBEL & SLANDER]

10    23. Plaintiff hereby incorporates by reference each and every
11  allegation contained in paragraphs 1 through 23 of the Complaint as
12  though fully set forth herein again.

13    24. Plaintiff is informed and believes that DEFENDANTS, and each
14  of them, by the herein described acts, conspired to, and in fact, did
15  negligently, recklessly, and intentionally caused excessive and
16  unsolicited internal and external publications of defamation of and
17  concerning Plaintiff, to third persons and to the community, which are
18  still available on the internet. These false and defamatory statements
19  included, but are not limited to, express and implied accusations
20  that Plaintiff is a criminal and a sexual predator.

21    25.  The defamatory publications consisted of oral and written
22  statements, knowingly false and unprivileged communications, tending
23  directly to injure Plaintiff and Plaintiffs personal, business, and
24  professional reputations. These false and defamatory publications were
25  and are in violation of California Civil Code §44, §45 and §46. The
26  statements and similar ones published by Defendants and each of them,
27  expressly and impliedly asserted that Plaintiff is a criminal and a
28  sexual predator.

26. Plaintiff is informed and believes, and fears, that these false and defamatory per se statements will continue to be published by DEFENDANTS and each of them and will be foreseeably republished by their recipients, all to the ongoing harm and injury to Plaintiffs business, professional and personal reputations. Plaintiff also seeks redress in this action for all foreseeable republication including his own compelled self-publication of these defamatory statements.

27. The defamatory meaning of all of the above-described false and defamatory statements and their reference to Plaintiff were reasonably understood by these above-referenced third person recipients and other members of the community who are known to DEFENDANTS, and each of them, but unknown to Plaintiff at this time. Because of the facts and circumstances known to those third-pailies to whom the false and defamatory statements were published, it tended to injure Plaintiff in his occupation, or to expose him to hatred, contempt, ridicule, or shame, or to discourage others from associating or dealing with him.

28. None of the DEFENDANTS' defamatory publications against Plaintiff referenced above are true.

29. The above defamatory statements were understood as assertions of fact, and not as opinion. Plaintiff is informed and believes this defamation will continue to be negligently, recklessly, and intentionally published and forseeabley republished by DEFENDANTS, and each of them, and foreseeably republished by recipients of DEFENDANTS' publications, thereby causing additional injury and damages for which Plaintiff seeks redress by this action.

30. Each of these false defamatory per se publications were negligently, recklessly, and intentionally published in a manner

equaling malice. These publications abuse any alleged conditional privilege (which Plaintiff denies existed.). All of the publications were made with hatred, ill will, and intent to vex, harass, annoy, and injure Plaintiff. These false and defamatory statements were made to cause damage to Plaintiff's professional and personal reputation, and to humiliate him before third-parties.

31. Each of these publications by DEFENDANTS, and each of them, were made with knowledge that no investigation supported the unsubstantiated and obviously false statements. Not only did DEFENDANTS, and each of them, fail to use reasonable care to determine the truth or falsity of the statements, but also DEFENDANTS published the statements knowing them to be false, unsubstantiated by any reasonable investigation. DEFENDANTS, and each of them, excessively, negligently, and recklessly published these statements to individuals with no need to know, and who made no inquiry.

32. The complained of publications by DEFENDANTS , and each of them, were made with hatred and ill will towards Plaintiff and the design and intent to injure Plaintiff, Plaintiff's good name, his reputation, his ability to make a living, and his employment and employability.

33. As a proximate result of the publication and republication of these defamatory statements by DEFENDANTS, and each of them, Plaintiff has suffered injury to his personal, business, and professional reputation including suffering embarrassment, humiliation, severe emotional distress, shunning, anguish, fear, loss of employment, and employability , and significant economic loss in the form of lost wages and future earnings, all to Plaintiff's economic, emotional and general damage in an amount according to

1 proof.

2     34. DEFENDANTS, and each of them, by and though their agents
3 and officers, committed the acts alleged herein recklessly,
4 maliciously, fraudulently, and oppressively, with the wrongful
5 intention of injuring Plaintiff, for an improper and evil motive
6 amounting to malice (as described above) and which abused and/or
7 prevent the existence of any conditional privilege, which in fact did
8 not exist, and with a reckless and conscious disregard of Plaintiffs
9 rights. All actions of DEFENDANTS, and each of them, their agents ,
10 employees, managing agents and officers as herein alleged were known,
11 authorized, ratified, and approved by DEFENDANTS, and each of them.
12 Plaintiff is thus entitled to recover punitive and exemplary damages
13 from DEFENDANTS, and each of them, for the wanton, obnoxious, and
14 despicable acts in an amount based on the wealth and ability to pay
15 according to proof at the time of trial.

## PRAYER FOR RELIEF

17 **WHEREFORE**, Plaintiff seeks judgment against all Defendants , and
18 each of them, for:

19     1. Physical, mental, and emotional injuries, pain, distress,
20 suffering, anguish, fright, nervousness, grief, anxiety, worry,
21 shame, mortification, injured feelings, shock, humiliation and
22 indignity, as well as other unpleasant physical, mental, and emotional
23 reactions, damages to reputation, and other non-economic damages, as
24 allowed by law and in a sum to be ascertained according to proof;

25     2. Loss of wages, income, earnings, earn mg capacity, support,
26 domestic services, benefits, and other economic damages as allowed by
27 law and in a sum to be ascertained according to proof;

28     3. Other actual, consequential, and/or incidental damages as

allowed by law and in a sum to be ascertained according to proof;

4. For punitive and exemplary damages as allowed by law and according to proof;

5. Attorney fees and costs as allowed by law and according to proof;

6. Costs of suit herein incurred;

7. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial on all triable issues.

Dated: April 14, 2021

                SOUTHERN CALIFORNIA ATTORNEYS, APC

*Mac E. Nehoray*

_____
MAC E. NEHORAY
ATTORNEY FOR PLAINTIFF