1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11 | MOHAMMAD HAMEED KHAN,

12 | Plaintiff,

13 | v.

14 | REHANA JABEEN, and
DOES 1 to 10, inclusive,

15

16 | Defendants.

Case No. 5:21-cv-00663-JWH-SPx

**ORDER DENYING
DEFENDANT'S MOTION TO
DISMISS [ECF No. 10]**

17
18
19
20
21
22
23
24
25
26
27
28

Before the Court is the motion of Defendant Rehana Jabeen to dismiss the defamation claim of Plaintiff Mohammad Hameed Khan.[1]  The Court finds this matter appropriate for resolution without a hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support and opposition,[2] the Court orders that the Motion is **DENIED**, as set forth herein.

## I.  BACKGROUND

The origins of this lawsuit—as it is alleged in the Complaint—began in 2007, when Khan and Jabeen entered into a romantic extra-marital relationship.[3]  Roughly eight years later, in early 2015, Jabeen divorced her husband and began demanding that Khan, too, leave his spouse (and minor children) to move in with Jabeen permanently.[4]  When Khan refused, in April 2015 Jabeen sought a restraining order against him.[5]  Khan characterizes Jabeen's application for a restraining order as a "false accusation" and an effort by Jabeen to extort huge sums of money from Khan.[6]  Jabeen subsequently dismissed her request for a restraining order.[7]

In 2018, Jabeen reissued her demand that Khan leave his wife and children to marry her.[8]  When Khan again refused, Jabeen filed a report with the Upland police department in San Bernardino County that Khan sexually

---

[1]     Mot. of Def. to Dismiss for Lack of Jurisdiction [ECF No. 10] (the "Motion").

[2]     The Court considered the following papers:  (1) the Compl. (the "Complaint") [ECF No. 1]; (2) the Motion; (3) Pl.'s Opp'n to the Motion (the "Opposition") [ECF No. 13]; and (4) Def.'s Reply in Supp. of the Motion (the "Reply") [ECF No. 14].

[3]     Complaint ¶ 14

[4]     *Id.* at ¶ 16.

[5]     *Id.*

[6]     *Id.* at ¶ 17.

[7]     *Id.* at ¶¶ 18-19.  In the text of the Complaint, the paragraph number is mislabeled as ¶ 14, despite sequentially appearing after ¶ 18 and before ¶ 19 on page 4.

[8]     *Id.* at ¶ 19.

-2-

1  assaulted her in June of that year.[9]  Khan contends that Jabeen's report was

2  fraudulent, and, as a result, Khan filed a lawsuit against Jabeen in 2020 for fraud

3  and other allegations.[10]  Khan alleges that Jabeen subsequently defamed him in

4  the business community, among mutual friends, in the Muslim community at

5  large, and on the internet, where Jabeen expressly or implicitly accused Khan of

6  being a criminal and sexual predator.[11]

7      In April 2021,[12] Khan commenced this case in this Court, asserting a

8  single claim for relief for defamation under Cal. Civ. Code §§ 44-46.[13]  The

9  Complaint invokes this Court's diversity jurisdiction, alleging that Khan is a

10  resident of Upland, California, and, upon Khan's information and belief, that

11  Jabeen resides in Amherst, New York.[14]  In August, Jabeen filed a motion to

12  dismiss for lack of jurisdiction under Rules 4(d) and 4(m) of the Federal Rule of

13  Civil Procedure,[15] and it is fully briefed.

14  ## II.  LEGAL STANDARD

15      Jabeen moves to dismiss Khan's Complaint for failure to serve the

16  summons and complaint in a timely fashion, failure to seek a waiver of service of

17  process, and failure to comply with the requirements for waiver of service.[16]

18  Rule 4(c)(1) of the Federal Rules of Civil Procedure provides:

19      A summons must be served with a copy of the complaint.  The

20      plaintiff is responsible for having the summons and complaint served

21

22  [9]    *Id.*

23  [10]   *Id.* at ¶¶ 20-22.  The parties do not reveal the current status of that lawsuit, nor how it relates, if at all, to the instant action.

24  [11]   *Id.* at ¶¶ 22-25.

25  [12]   Unless otherwise indicated, all subsequent dates are in 2021.

26  [13]   Complaint ¶¶ 23-34.

27  [14]   *Id.* at ¶¶ 3, 4, 8, & 9.
   [15]   Motion 12:17-21.

28  [16]   *Id.* at 3:4-15.

1    within the time allowed by Rule 4(m) and must furnish the necessary

2    copies to the person who makes service.

3 Fed. R. Civ. P. 4(c)(1).  Rule 4(m), in turn, provides:

4    If a defendant is not served within 90 days after the complaint is filed,

5    the court—on motion or on its own after notice to the plaintiff—

6    must dismiss the action without prejudice against that defendant or

7    order that service be made within a specified time.  But *if the*

8    *plaintiff* shows *good cause* for the failure, the court must extend the

9    time for service for an appropriate period.

10 Fed. R. Civ. P. 4(m) (emphasis added).

11    The Ninth Circuit has characterized good cause, at a minimum, as

12 "excusable neglect."  *Electrical Specialty Co. v. Road Ranch Supply, Inc.*, 967 F.2d

13 309, 312 (9th Cir.1992); *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir.1991).

14 The good-cause exception applies only in limited circumstances—neither

15 "inadvertent error" nor "ignorance of governing rules" excuses the failure to

16 serve.  *Hamilton v. Endell*, 981 F.2d 1062, 1065 (9th Cir.1992), *abrogated on other*

17 *grounds by Edmo v. Corizon, Inc.*, 935 F.3d 757 (9th Cir. 2019), *cert. denied sub*

18 *nom. Idaho Dept. of Correction v. Edmo*, 141 S. Ct. 610 (2020); *see also Wei v. State*

19 *of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985).

20    In addition to showing excusable neglect, *Boudette* held that a "plaintiff

21 may also be required to show the following:  (a) the party to be served personally

22 received actual notice of the lawsuit; (b) the defendant would suffer no

23 prejudice; and (c) plaintiff would be severely prejudiced if his complaint were

24 dismissed."  *Boudette*, 923 F.2d 754 at 756.

25    Alternatively, a "plaintiff may notify . . . [the] defendant that an action

26 has been commenced and request that the defendant waive service of a

27 summons."  Fed. R. Civ. P. 4(d)(1).  But such notice and request must, *inter*

28 *alia*, "be accompanied by a copy of the complaint, 2 copies of the waiver form

-4-

1    appended to this Rule 4, and a prepaid means for returning the form" and "be

2    sent by first-class mail or other reliable means."  Fed. R. Civ. P. 4(d)(1)(C) &

3    (G).  Transmission by email is commonly considered a reliable means.  *See* 4A

4    Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1092.1

5    Request for Waiver of Formal Service of Summons (4th ed. 2021) ("In the

6    decades since the 1993 Advisory Committee Notes were drafted, other forms of

7    electronic communications—such as email—have become more prevalent and

8    have been used effectively to send waiver requests under Rule 4(d).").

9        The Rules make plain, though, that service must be effected or a waiver of

10    service must be properly secured.  Failure of service in accordance with the

11    Federal Rules of Civil Procedure results in the Court lacking personal

12    jurisdiction over defendants, regardless if the prospective defendant had actual

13    notice.  *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982); *Borzeka v.*

14    *Heckler*, 739 F.2d 444, 447 n.1 (9th Cir. 1984).

### III.  DISCUSSION

16        This case tragically features a comedy of errors.  As this Court

17    understands the facts, Khan (through his counsel) filed the Complaint on

18    April 14.[17]  On June 2, Khan requested that the Clerk of Court issue a summons

19    per Rule 4(b).[18]  *See* Fed. R. Civ. P. 4(b) ("On or after filing the complaint, the

20    plaintiff may present a summons to the clerk for signature and seal.  If the

21    summons is properly completed, the clerk must sign, seal, and issue it to the

22    plaintiff for service on the defendant.").  Therefore, Khan had until July 13 to

23    accomplish service of process on Jabeen.  *See* Fed. R. Civ. P. 4(m).  But Khan

24    did not serve Jabeen directly, in part because Jabeen's counsel at the time[19]

---

[17]      *See generally* Complaint.

[18]      Req. for Clerk to Issue Summons on Complaint [ECF No. 7].

[19]      On February 4, 2022, Jabeen's counsel, Michael Linzymiah Kennedy and Danielle K. Little, requested to withdraw from their representation of Jabeen. *See* Req. for Approval of Substitution or Withdrawal of Counsel [ECF No. 19].

1    advised Khan that serving Jabeen would violate a standing restraining order.[20]

2    Instead, Jabeen's counsel suggested that Khan's counsel request a waiver of

3    service.[21]

4         However, now Jabeen makes this Motion, contending that Khan did not

5    request a waiver of service through the proper method.  Instead of using first-

6    class mail, Khan's counsel transmitted an email with only one copy of the

7    summons waiver document.[22]  Jabeen's counsel points out that a copy of the

8    Complaint **and** two copies of the waiver form were required, along with a

9    prepaid means for Jabeen to return the form.[23]  Although courts now find email

10    to be a reliable means of communication, *see* 4A Charles Alan Wright & Arthur

11    R. Miller, *Federal Practice and Procedure* § 1092.1 (4th ed. 2021), Jabeen's

12    counsel is correct that the waiver request was technically defective, *see*

13    Fed. R. Civ. P. 4(c)(1) & (d).  Khan concedes that point in his Opposition.

14    Therefore, at this juncture, it is clear that Jabeen has neither been properly

15    served, nor has Jabeen waived service.

16         Under Rule 4(m), the Court may dismiss this action without prejudice

17    upon Jabeen's Motion or may order that service be made within a specified time.

18    Only upon a showing of good cause is this Court required to afford Khan a

19    second chance to serve Jabeen.

20         Here, the Court does not find such good cause.  Although the Court is

21    sympathetic to Khan's counsel's illnesses—the Court takes his assertions as

22

23

24    For the purposes of this Order, references to Jabeen's counsel will refer to
Jabeen's now-former counsel, Mr. Kennedy and Ms. Little, unless otherwise

25    noted.

26    [20]     Decl. of Mac E. Nehoray (the "Nehoray Declaration") [ECF No. 13] ¶ 2.

     [21]     *Id*. at ¶ 3.

27    [22]     Motion, Ex. C ("Exhibit C") [ECF No. 10].

28    [23]     Motion 7:5-18.

1  true—Khan's counsel concedes that he "neglected to check the rules."[24]  The

2  failure of counsel to read the rules does not constitute excusable neglect.  *Wei*,

3  763 F.2d at 372.  The onus is on all counsel to know and to follow the rules

4  governing civil actions in the courts in which they practice.  Furthermore, the

5  Court is not convinced that Khan's counsel's three-week illness explains or

6  justifies the procedural defects in Khan's requests to waive service.[25]  If Khan's

7  counsel could have attached one waiver document to an email, certainly he

8  could have attached the Complaint and a second copy of the waiver document.

9          Normally, the failure to show good cause, the expiration of time of

10  service, and the blatant admission of the failure to "check the rules" would

11  oblige this Court to dismiss the action without prejudice.[26]  *See Galvan v. Saul*,

12  2019 WL 8888090, at *2 (C.D. Cal. Dec. 9, 2019) (dismissing without

13  prejudice).  However, the balance of equities suggests otherwise, as Jabeen's

14  counsel does not have clean hands either.  Defendants have "a duty to avoid

15  unnecessary expenses of serving the summons."  Fed. R. Civ. P. 4(d)(1); *see also*

16  Fed. R. Civ. P. 4(d)(2) ("If a defendant located within the United States fails,

17  without good cause, to sign and return a waiver requested by a plaintiff located

18  within the United States, the court must impose on the defendant:  the expenses

19  later incurred in making service; and the reasonable expenses, including

20  attorney's fees, of any motion required to collect those service expenses.").

21  This litigation over proper service has already caused the unnecessary

22  expenditure of time and money for both parties, let alone the waste of this

23  Court's all-too-limited judicial resources.  In the spirit of avoiding unnecessary

24  costs and litigation, Jabeen's counsel easily could have forgiven the defective

25  waiver request or, at the minimum, could have advised Khan's counsel on that

26  _____

27  [24]    Nehoray Declaration ¶ 6.
[25]    *See id.*

28  [26]    *Id.*

matter.[27]  Instead, by filing this Motion, Jabeen's counsel engaged in the kind of time-wasting gamesmanship that only prolongs litigation and wastes precious judicial resources.

Furthermore, it is readily apparent that Jabeen, through her counsel, had actual notice of this action, in view of the emails, exhibits, and briefings that the parties have submitted to this Court.[28]  That fact weighs in favor of granting Khan an extension to accomplish service.  *See, e.g., Kitchens v. Bryan County Nat. Bank*, 825 F.2d 248 (10th Cir. 1987) ("A district court should take a permissive attitude when actual notice is received, so that service may comply with the spirit of Rule 4 even if the notice and acknowledgment form are omitted.").  But out of concern for the allegations of harassment and the restraining order that Jabeen's counsel mentions,[29] this Court **ORDERS** that each party's counsel—***or, for so long as Jabeen represents herself* pro se, *Jabeen herself***—meet and confer to discuss and resolve these service issues. Their failure to do so may result in the imposition of sanctions on one party's counsel or both.

## IV.  CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1.       Jabeen's Motion is **DENIED**.

2.       Counsel for the Parties are **DIRECTED** to meet and confer forthwith and to file no later than 12:00 noon on February 25, 2022, a Joint Report setting forth their joint plan for Khan to accomplish service of process on Jabeen (which plan may include the employment of the waiver of service procedure set forth in Rule 4(d) of the Federal Rules of Civil Procedure).

---

[27]       *Id.* at ¶ 9.

[28]       *See, e.g.*, Motion; Exhibit C; Reply.

[29]       *See* Motion, Ex. A [ECF No. 10].

1    3.    Each counsel of record for each party is **DIRECTED** forthwith to

2  read the Federal Rules of Civil Procedure and the Local Rules of this Court.

3  Each counsel of record for each party is also **DIRECTED** to file, no later than

4  12:00 noon on February 25, 2022, a declaration, executed under perjury,

5  testifying that he or she has complied with this Paragraph of this Order.

6       **IT IS SO ORDERED.**

7

8  Dated: February 11, 2022

   John W. Holcomb
9  UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-9-